# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42458

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 706 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 12, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL CURTIS QUILIMACO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for robbery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Daniel Curtis Quilimaco appeals from his judgment of conviction for robbery. Specifically, Quilimaco alleges the district court erred in denying his motion to suppress the eyewitness identification because it was unnecessarily suggestive, rendering the identification unreliable. For the reasons set forth below, we affirm.

An unmasked man entered a motel, walked to the front desk, and inquired about renting a room. The employee looked away and when she looked back, the man had a rifle pointed at her. The man then walked behind the counter. The employee backed toward a doorway leading to an adjoined apartment and called for another employee. The second employee walked toward the door of the apartment and saw the man with the rifle. After obtaining money, the man left and one of the employees called 911 to report the robbery. During the call, the employee described

1

the man as a Hispanic male, approximately twenty-seven years old, having shaved black hair and a big nose, and wearing a black leather jacket and black gloves. An officer responded to the motel where the employees described the rifle as black, with a short barrel and a scope.

Shortly thereafter, a different officer stopped a vehicle for speeding. There were two men in the vehicle, one of which was Quilimaco. The vehicle was stopped twenty-three miles from the motel, approximately thirty minutes after the motel was robbed. The officer had received a report that a robbery had recently occurred at the motel, along with the descriptions of the suspect and gun provided by the eyewitnesses. The officer observed that both men acted "very nervous" and that one of the men had some of the characteristics of the robbery suspect. The officer returned to his vehicle and received information from dispatch that a person driving on the same highway reported seeing a bag thrown from a vehicle near where Quilimaco's vehicle was stopped. The officer returned to Quilimaco's vehicle and asked for consent to search the vehicle, which was refused. A canine officer then arrived and searched the exterior of the vehicle for indications that the vehicle contained drugs. The dog did not alert on the vehicle and was then used to search for the discarded bag. As a result, the officer recovered a duffle bag containing a short rifle. Quilimaco and his passenger were taken into custody as suspects of the motel robbery.

Photographs of Quilimaco and his passenger were taken and emailed to the officer who initially responded to the motel. That officer printed the images--two of Quilimaco and one of his passenger--on a single sheet of paper and returned to the motel. At the motel, both employees were shown the images. The officer told the employees that the men had been stopped on the highway and could possibly be the robbers. Both employees identified Quilimaco as the man who committed the robbery.

Quilimaco was charged with robbery, as well as other crimes. I.C. §§ 18-6501, 19-6503. Quilimaco filed a motion to suppress, asserting that the identification procedure was overly suggestive.[1] The district court denied the motion, finding that, while the identification of

---

[1] Quilimaco also alleged that the traffic stop was unlawfully prolonged. Quilimaco does not challenge the district court's finding that the extension of the stop was lawful.

Quilimaco was overly suggestive, the identification was sufficiently reliable. Quilimaco entered an *Alford*[2] plea to robbery and the state dismissed the remaining charges. Quilimaco appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

To determine whether evidence of an out-of-court identification violates due process, this Court applies a two-step test. *State v. Almarez*, 154 Idaho 584, 593, 301 P.3d 242, 251 (2013). First, the defendant must establish that the identification procedure was overly suggestive. *Id*. Once the police procedures are found to be overly suggestive, the trial court must conduct a second inquiry to determine whether, under the totality of the circumstances, the identification was reliable despite the identification procedure being overly suggestive. *Id*. at 596, 301 P.3d at 254. This second step entails considering: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the witness's level of certainty demonstrated at the identification; and (5) the length of time between the crime and the identification. Those five factors are then weighed against the corrupting effect of the suggestive identification. *Id*. In addition to these five factors, a trial court also considers the relevant estimator variables, which diminish the reliability of a witness's identification. *Id*. at 593-94, 301 P.3d at 251-52. These estimator variables include stress; the use of a visible weapon during a crime; the shorter the duration of a criminal event; the greater the distance and the poorer the lighting conditions; increased levels of witness intoxication; the use of disguises during the crime and changes in facial features between the time observation and a subsequent identification; the greater the period of time between

_____

2    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

observation and identification to law enforcement; racial bias; and feedback from co-witnesses confirming the identification of a perpetrator. *Id*.

In this case, the district court found that the identification procedure used by the officer was overly suggestive. This finding is not challenged by either party on appeal. Thus, the sole issue on appeal is whether the district court erred in finding that, under the totality of the circumstances, the identification was reliable despite the identification procedure being suggestive.

A number of factors indicate that the employees' identifications of Quilimaco were reliable. First, both employees observed the robber for what they estimated to be five to eight minutes. The robber was not wearing a mask or hat. The two employees and the robber were in a relatively small area, were in close proximity to one another, and the robber was in plain view of the employees at all times. Throughout the robbery, the employees' attention was directed at the robber and his actions. In addition, immediately after the robbery occurred, one employee called 911 and gave a description of the robber as a Hispanic male, dark skin, large or distinctive nose, shaved or buzzed head, wearing a black leather jacket, and having a black rifle with a short barrel and a scope. The description is consistent with the employees' written statements prepared later that night and with Quilimaco's appearance when he was arrested. Also, when the employees viewed the images and identified Quilimaco, they demonstrated a high level of certainty that he was the robber. The district court found that the employees were positive that Quilimaco was the robber. Finally, only approximately two and one-half hours had elapsed from the time of the robbery until the employees were shown the images of Quilimaco. On the other hand, several estimator variables weigh against the reliability of the employees' identifications. First, one employee had taken prescribed pain medication an hour prior to the robbery. However, the district court found that there was no evidence that the employee's ability to observe the robber was impaired by the medication. In addition, the use of a firearm caused both employees to be under stress at the time they observed the robber, which had potential to affect their perception of the robber. However, the district court found that the robber's use of a firearm was not so distracting that it took the employees' attention away from the robber.

Application of the five reliability factors listed above indicates that the employees' identifications of Quilimaco were reliable. While some of the estimator variables have potential

4

to weigh against reliability of the identifications, after balancing the reliability factors against the suggestive elements of the identification, the reliability of the identification outweighs the impact of the suggestive elements. Another important event adds to the reliability of the employees' identification. A citizen observed a bag being tossed from a vehicle prior to the traffic stop. The officers located the bag, which contained a rifle matching the description (given by the employee) of the weapon used in the robbery, in the vicinity of Quilimaco's vehicle. Under the totality of the circumstances, we agree with the district court that the employees' identifications of Quilimaco were reliable despite the identification procedure being overly suggestive. Thus, Quilimaco has not shown that the district court erred in denying his motion to suppress. Therefore, Quilimaco's judgment of conviction for robbery is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.