**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42779**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 732** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 24, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MIGUEL A. GONZALEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Miguel A. Gonzalez appeals from his judgment of conviction entered upon his conditional *Alford*[1] plea to possession of methamphetamine. Gonzalez challenges the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Two officers arrived at the residence of a probationer to perform a probation check. After the probationer's girlfriend, Yesenia Rangel, informed the officers that the probationer was still incarcerated, the officers entered the residence to confirm that the probationer was not there. Inside the residence, the officers smelled burnt marijuana and noticed a smoky haze. The only individuals inside the residence were Rangel, Gonzalez, and Rangel's young daughter. The

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

officers questioned Rangel and Martinez as to the smell, and both individuals denied noticing the smell or having marijuana. The officers requested permission to search the individuals and the residence but were denied. After separating Rangel and Gonzalez, the officers told Rangel that they could get a search warrant for the marijuana and that she could have her daughter taken away. When Rangel and Gonzalez were reunited, the officers told Rangel and Gonzalez to put their cell phones on the table and informed them that they were detained. After Rangel began crying, Gonzalez took a bag of marijuana from his clothing and gave it to the officers. The officers then searched Gonzalez incident to arrest and found a small amount of methamphetamine.

The State charged Gonzalez with possession of a controlled substance. Idaho Code § 37-2732(c)(1). Gonzalez filed a motion to suppress all evidence against him, claiming that he was "searched and . . . seized . . . without reasonable articulable suspicion or probable cause to believe a crime had been committed." After conducting an evidentiary hearing, the district court denied Gonzalez's motion to suppress. The court found that Gonzalez's investigative detention was justified based upon the officers' reasonable suspicion arising from the smell of burnt marijuana and haze of smoke within the residence and that the methamphetamine was lawfully discovered during a search incident to arrest. Gonzalez entered a conditional *Alford* plea, reserving the right to appeal the court's denial of his suppression motion. He timely appeals.

## II.

## ANALYSIS

On appeal, Gonzalez argues that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the district court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the district court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The United States and Idaho Constitutions prohibit unreasonable searches and seizures of persons or property. U.S. CONST. amend. IV; IDAHO CONST. art. I, § 17. An arrest, characterized

as a full-scale seizure of a person, must be supported by probable cause. *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). On the other hand, an investigative detention, characterized as a seizure of limited duration, falls within one of the exceptions to the probable cause requirement and need only be supported by an officer's reasonable suspicion of criminal activity. *Id.* at 479, 988 P.2d at 705. An arrest that is not supported by probable cause is unreasonable, and evidence obtained as a result is inadmissible as "fruit of the poisonous tree." *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009).

Here, Gonzalez specifically asserts that the circumstances of his interactions with the officers transformed what began as a justified investigative detention, requiring only reasonable suspicion of criminal activity, into a de facto arrest, requiring probable cause. *See United States v. Sharpe*, 470 U.S. 675, 689-90 (1985) (Marshall, J., concurring). Gonzalez argues that because probable cause did not exist at the time he handed the officers the marijuana, all evidence obtained as a result of the unlawful de facto arrest must be suppressed.

A "de facto arrest" describes a seizure of an individual that exceeds the bounds of an investigative detention. *Sharpe*, 470 U.S. at 683; *Ferreira*, 133 Idaho at 480, 988 P.2d at 706; *State v. Frank*, 133 Idaho 364, 367-68, 986 P.2d 1030, 1033-34 (Ct. App. 1999). There is no bright line rule for determining when an investigative detention has escalated into a de facto arrest; instead, "common sense and ordinary human experience must govern over rigid criteria." *State v. Pannell*, 127 Idaho 420, 423, 901 P.2d 1321, 1324 (1995). To determine whether an investigative detention escalated into a de facto arrest, courts "must consider all of the surrounding circumstances and determine whether the investigative methods employed were the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Frank*, 133 Idaho at 368, 986 P.2d at 1034. Factors to consider include the location of the encounter, length of the detention, seriousness of the crime, reasonableness of the officer's display of force, and conduct of the suspect as the encounter unfolds. *Ferreira*, 133 Idaho at 480, 988 P.2d at 706. We have previously held that the duration of the stop is the primary factor that may render a detention unreasonable. *State v. Stewart*, 145 Idaho 641, 646, 181 P.3d 1249, 1254 (Ct. App. 2008).

In light of the surrounding circumstances and in consideration of the above-mentioned factors, we hold that the officers did not exceed the bounds of the investigative detention. Upon arriving at the private residence, the officers announced that the purpose of their visit was to look

for the probationer. The officers then lawfully performed a brief security sweep inside the residence to check for the probationer's presence. While inside the residence, the officers smelled burnt marijuana and observed a smoky haze. These circumstances gave the officers reasonable suspicion to believe someone inside the residence had been smoking marijuana, a misdemeanor crime.

To verify or dispel their suspicion, the officers performed tasks directly related to investigating the source of the marijuana smoke. *See Ferreira*, 133 Idaho at 480, 988 P.2d at 706 (holding that officers are justified in utilizing investigative tools to confirm or dispel their reasonable suspicion of criminal activity). While still inside the private residence, the officers requested permission to search Rangel, Gonzalez, and the residence. Their request was denied and the officers did not conduct a search. Officers then separated Rangel from Gonzalez, at which point they informed Rangel of the procedure for obtaining a search warrant and warned her that they could call the Department of Health and Welfare to have her daughter taken away. *See State v. Ballou*, 145 Idaho 840, 848, 186 P.3d 696, 704 (Ct. App. 2008) (holding that it is not coercive for an officer to threaten to do something that, based on the circumstances, is within the officer's authority to do). After deciding to obtain a search warrant, the officers made no show of force, but instead asked Rangel and Gonzalez to put their cell phones on the table and told them that they were detained. *See Ferreira*, 133 Idaho at 480, 988 P.2d at 706 ("In any investigative detention the individual is not free to leave; that element of compulsion is what distinguishes an investigative detention from a consensual encounter."). As the investigative detention continued to unfold, Rangel began crying. In response, Gonzalez voluntarily handed the officers marijuana from Gonzalez's clothing. The duration of the investigative detention was relatively short--only twenty to thirty minutes elapsed from the time officers arrived at the residence until Gonzalez handed the officers the marijuana. This duration was not longer than necessary to effectuate the purpose of the investigation. *See State v. Buti*, 131 Idaho 793, 797, 964 P.2d 660, 664 (1998) (finding that an investigative detention lasting approximately one hour was not unreasonable).

The investigative measures employed by the officers were the least intrusive means reasonably available to verify or dispel their suspicion that someone in the residence had marijuana. Thus, we hold that at no time did Gonzalez's investigative detention escalate into a de facto arrest.

## III.
## CONCLUSION

The circumstances of Gonzalez's investigative detention did not constitute a de facto arrest. The district court's order denying the motion to suppress evidence is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.