**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42991**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 648 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| REGAN MOJOK ADENG, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Regan Mojok Adeng appeals from his judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia. Specifically, he alleges the district court erred in denying his motion to suppress based on the nature of an investigative detention. For the reasons set forth below, we affirm.

In response to a report that a man and a woman were struggling over a purse at a convenience store, two police officers approached Adeng outside the convenience store. The officers observed Adeng, who matched the description of the man in the struggle, moving away from a purse that was lying on the ground in close proximity. The officers instructed Adeng to

1

sit on the curb while they investigated.  The officers located the woman locked inside a bathroom in the convenience store.  The woman admitted she was in an altercation with Adeng but denied he committed any crime toward her.  The first officer asked Adeng whether he had any property belonging to the woman on his person and whether he would consent to a pat-down.  Adeng stated that he feared he would get the woman in trouble if he were searched.  The second officer asked Adeng if he would mind if the officers patted him down for weapons.  Adeng stood up and shook his head "no."

The first officer conducted the pat-down, located an object in Adeng's pocket, and asked what the object was.  In response to the officer's questions, Adeng admitted that the object was a pipe.  The officers arrested Adeng for possession of drug paraphernalia and read him his *Miranda*[1] rights.  In a search incident to arrest, the officers discovered marijuana and methamphetamine.  Adeng was charged with felony possession of a controlled substance, I.C. § 37-2732(c); misdemeanor possession of a controlled substance, I.C. § 37-2732(c); and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A.  Adeng filed a motion to suppress his statement regarding the pipe and any evidence seized as a result of the statement.  Specifically, Adeng asserted that he made his statement while he was subject to a custodial interrogation and therefore was entitled to be informed of his *Miranda* rights.  The district court denied the motion to suppress, holding Adeng was not in custody for purposes of *Miranda*.  Specifically, the district court found that a reasonable person situated as Adeng would not have understood his or her situation to be akin to arrest.  A jury found Adeng guilty of all charges.  Adeng appeals.

The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*,

---

[1]    *See Miranda v. Arizona*, 384 U.S. 436 (1996).

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Adeng asserts that he was subject to a custodial interrogation when he made the statement regarding the pipe. Consequently, he contends, the statement and all evidence seized as a result should have been suppressed because he did not receive *Miranda* warnings prior to making the statement. Because Adeng does not assert a constitutional deficiency in the basis for or the scope of the detention, we restrict our analysis to whether he was subject to a custodial interrogation when he made the incriminating statement.

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of

3

showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

At the hearing on the motion to suppress, the district court analyzed the factors to determine whether Adeng was in custody for purposes of *Miranda*. First, the officers instructed Adeng to sit on the curb while they questioned him but did not handcuff him. The officers did not use their patrol cars to surround Adeng. Instead, the officers parked on separate sides of the parking lot. Additionally, neither car's emergency lights were activated. Although there were two officers, one officer stayed with the woman while the other spoke with Adeng. Prior to his arrest, the only time Adeng was physically restrained was during the course of the pat-down. The first officer used one hand to conduct the pat-down and the other to restrain Adeng's hand behind his back. However, Adeng consented to the pat-down for weapons and cannot argue the brief restraint of his hands rendered him in custody. Consequently, the district court found Adeng was not physically restrained.

The district court correctly noted that the officers never informed Adeng that the detention would be more than temporary. It is irrelevant whether he was actually free to leave. A police officer's unarticulated plan has no bearing on whether the suspect was in custody at a particular time. *Berkemer*, 466 U.S. at 442; *State v. Huffaker*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2016). While the officers testified Adeng was not actually free to leave, neither officer communicated that to Adeng during the interrogation. Likewise, it is not enough that an interrogation is conducted at an officer's request, even when the interrogation takes place in the police station. *Huffaker*, ___ Idaho at ___, ___ P.3d at ___. There must be additional factual circumstances--some element of coercion or influence by law enforcement--which would cause a reasonable person to believe his or her freedom of movement was restrained. *Id.* Although the first officer restrained Adeng's hands during the pat-down, the restraint was limited to the consensual pat-down.

The district court further found that convenience store was well lit and customers were entering and exiting the convenience store during the interrogation. It concluded that the location and visibility of the interrogation indicate a reasonable person in Adeng's situation would not have understood his or her situation to be akin to arrest. The interrogation lasted thirty-four minutes, and the district court determined the length of the interrogation was largely

due to Adeng providing insufficient and suspicious answers to the officers' questions. For example, Adeng's statement that he feared he would get the woman into trouble if he were searched gave the officers reason to believe Adeng possessed contraband. Thus, the length of the interrogation did not render Adeng in custody.

After considering the totality of the circumstances, the district court concluded that Adeng was not in custody at the time he admitted to possessing the pipe. Adeng has failed to demonstrate that the district court erred in denying his motion to suppress based on its finding that Adeng was not in custody when he admitted he possessed a pipe. Thus, the officers were not required to issue *Miranda* warnings, and Adeng's statement and all evidence subsequently seized are admissible. Accordingly, Adeng's judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.