916 P.2d 1284

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stanton E. ATKINSON, Defendant–Appellant.**

**No. 21719.**

Court of Appeals of Idaho.

April 10, 1996.

Petition for Review Denied June 4, 1996.

Donovan & Praggastis, Michael F. Donovan (argued), Ketchum, for appellant.

Alan G. Lance, Attorney General; Charles E. Zalesky, Deputy Attorney General (argued), Boise, for respondent.

LANSING, Judge.

Stanton E. Atkinson pleaded guilty to misdemeanor driving under the influence of alcohol, (DUI), I.C. § 18–8004. His plea was conditional, reserving the right to appeal from the magistrate's prior denial of Atkinson's motion to suppress evidence. The district court affirmed the magistrate's decision on the suppression motion. We, like the district court, conclude that the magistrate's decision was correct.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the magistrate's findings, based upon testimony at the hearing on Atkinson's suppression motion, the following facts gave rise to the charge against Atkinson. On May 7, 1993, at approximately 11:45 p.m., Captain Brian McNary of the Hailey police department was driving northbound on Main Street in Hailey, Idaho, and observed a vehicle traveling ahead of him. The vehicle, which was driven by Atkinson, moved to the left so that its left tires crossed onto or over the center line. When the vehicle had continued down Main Street for approximately two blocks, McNary saw it again veer to the left so that the tires touched but did not entirely cross the center line. The vehicle then swerved to the right across the traffic lane and touched the fog line with its right-side tires. Suspecting that the driver was intoxicated, McNary signaled Atkinson to stop, and Atkinson complied.[1] Because Captain McNary was transporting a prisoner in his vehicle, he radioed another policeman on patrol, Officer Harkins, and arranged for Harkins to handle the traffic stop. Officer Harkins arrived immediately, administered field sobriety tests which Atkinson failed, and placed Atkinson under arrest for DUI.

---

1. At oral argument Atkinson's counsel contended that Atkinson's vehicle crossed the fog line on the right side of the road only after McNary had signaled him to stop. We have carefully reviewed the record, and find this assertion to be without merit. There is no evidence suggesting

Atkinson filed a motion to suppress all evidence obtained following the traffic stop on the grounds that Captain McNary lacked sufficient cause to stop Atkinson. After an evidentiary hearing, the magistrate denied the motion. Atkinson then entered a conditional guilty plea pursuant to I.C.R. 11(a)(2), by which Atkinson reserved the right to appeal the magistrate's adverse ruling on the suppression motion. The district court, sitting in its appellate capacity, affirmed the magistrate's order. Atkinson now appeals from the district court's decision.

## ANALYSIS

■ On appeal from a trial court's order resolving a motion to suppress evidence, we defer to the trial court's findings of fact if they are supported by substantial evidence, but we freely review the trial court's determination as to whether constitutional standards have been satisfied in light of the facts found. *State v. Naccarato*, 126 Idaho 10, 12, 878 P.2d 184, 186 (Ct.App.1994); *State v. McAfee*, 116 Idaho 1007, 1008, 783 P.2d 874, 875 (Ct.App.1989). When a district court has rendered an intermediate appellate decision, we examine the record before the magistrate independently of, but with due regard for, the district court's determination. *Id.*

■ A traffic stop by a law enforcement officer constitutes a seizure of the vehicle's occupants which implicates the Fourth Amendment's guarantee of freedom from unreasonable searches and seizures, as applied to the states by the Fourteenth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395–96, 59 L.Ed.2d 660 (1979); *State v. Emory*, 119 Idaho 661, 809 P.2d 522 (Ct.App.1991). The circumstances under which an investigative traffic stop will be consistent with Fourth Amendment protections were described in *Naccarato*:

A traffic stop, which constitutes a seizure under the Fourth Amendment, must be supported by reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws or that either the vehicle or the occupant is subject to detention in connection with a violation of other laws. The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. This reasonable suspicion standard requires less than probable cause, but more than speculation or instinct on the part of an officer.

*Naccarato*, 126 Idaho at 12, 878 P.2d at 186 (citations omitted). Thus, we must determine whether, when Captain McNary signaled Atkinson to stop for purposes of investigating a possible DUI, the officer was in possession of facts giving rise to a reasonable and articulable suspicion that the vehicle's driver was intoxicated. Suspicion will not be found to be justified if the conduct observed by the officer fell "within the broad range of what can be described as normal driving behavior." *Emory*, 119 Idaho at 664, 809 P.2d at 525. Captain McNary saw Atkinson's vehicle twice in two blocks of travel veer to the left and touch or cross over the center line. After the second such movement to the left, the vehicle swerved back across its lane of travel and touched the fog line on the extreme right side of the traffic lane. The incident occurred at about 11:45 p.m. on a Friday night. We agree with the magistrate that these observations supported a reasonable suspicion that the vehicle driver was intoxicated, and justified an investigatory stop. Although Atkinson's vehicle never entirely left its lane of travel, this weaving pattern, with the vehicle three times touching the lines on edges of the lane, was not within the range of normal driving behavior and was an objective indication that the driver was impaired. The magistrate's order denying Atkinson's motion to suppress evidence derived from the traffic stop is therefore affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

that Captain McNary's observation of Atkinson's vehicle touching the fog line occurred after McNary had already initiated the stop.