**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36630**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 507 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 14, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GILBERT FLORES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. R. Barry Wood, District Judge. Hon. Rick L. Bollar, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for excessive driving under the influence, driving without privileges, and resisting an officer, <u>affirmed</u>.

Daniel S. Brown of Fuller Law Office, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Gilbert Flores appeals from the district court's order on intermediate appeal from the magistrate division, affirming his judgment of conviction for excessive driving under the influence, driving without privileges, and resisting an officer. Specifically, Flores challenges the magistrate's denial of his motion to suppress or to dismiss. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

A police officer observed Flores driving approximately 10 mph over the posted speed limit. Flores accelerated after the officer began to follow him. Flores turned down another street and failed to yield to a stop sign. The officer activated his overhead lights, and Flores continued driving for a short distance until he pulled onto the lawn of a residence. Flores then exited the

vehicle against the officer's repeated orders to remain inside. The officer informed Flores that he had been stopped for speeding, and Flores turned and walked away telling the officer that he was going inside the house because the officer had pulled Flores over in his driveway. The officer approached Flores, grabbed his wrist, and instructed him to put his hands behind his back. Flores refused and a brief struggle ensued, during which the officer could smell a strong odor of alcohol. Flores also appeared glassy-eyed and demonstrated impaired memory. Flores was arrested and transported to the police station where he refused a breathalyzer test. Flores was transported to a hospital where a forcible blood draw was performed. The results of the blood draw revealed his blood alcohol content to be 0.23.

Flores was charged with excessive driving under the influence, I.C. § 18-8004; driving without privileges, I.C. § 18-8001; and resisting an officer, I.C. § 18-705. Flores filed a motion to suppress or, in the alternative, to dismiss. Flores argued that his arrest was illegal, the officer did not have probable cause to expand the scope of the traffic stop beyond an investigation for speeding, and the forced blood draw violated his Fourth Amendment rights. After a hearing, the magistrate denied Flores's motion finding that Flores's actions following the traffic stop justified the expansion of the investigation into other possible crimes. The magistrate also found that Flores's arrest was legal and the forcible blood draw did not violate his Fourth Amendment rights. A jury found Flores guilty of all charges. Flores appealed to the district court which affirmed Flores's judgment of conviction. Flores again appeals.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, Flores argues only that the evidence obtained against him must be suppressed because the officer impermissibly expanded the scope of a traffic stop for speeding into an investigation for driving under the influence. The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe,* 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon,* 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez,* 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe,* 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe,* 140 Idaho at 181, 90 P.3d at 931. Although an investigative detention must ordinarily last no longer than is necessary to effectuate the purpose of the stop, a detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation to other possible crimes. *State v. Chapman*, 146 Idaho 346, 350, 194 P.3d 550, 554 (Ct. App. 2008).

In this case, the officer who effectuated the traffic stop testified at the hearing on the motion to suppress and summarized the version of events described above. Other than cross-

examination of the officer, Flores did not testify and provided no evidence or argument at the motion to suppress. The only factual differences provided by Flores were contained in his brief in support of the motion to suppress. Therefore, any factual differences from the officer's version of events were simply unsubstantiated allegations. At the conclusion of the hearing, the magistrate found:

> First of all, as you correctly indicated, an infraction bears no ability to do anything more than address the infraction, and that's all the officer perceived when he initially saw Mr. Flores exceeding the speed limit . . . by 10 miles an hour. If at that point in time he would have stopped, then your next argument about the expansion would have been more correct; but, I think what Mr. Flores did then by proceeding to drive away from the officer in his vehicle was he provided other factual bases that [were] recited by the officer in his testimony, which included, in addition to speed, a deviation from a lane of travel, which is an infraction that is also a detainable offense, not slowing when making a turn, I think I heard him testify that he did not stop at a stop sign. And for all of those reasons, the officer had every justifiable reason to inquire of Mr. Flores, when he finally did stop, his identity and issue him a citation.
>
> If Mr. Flores would have not been present to do that, the citation could have been issued after the fact, that's true, but he was present and failing to comply with the one thing the officer was attempting to do which, I guess, was ascertain his identity and issue a citation for speeding. It was then that Mr. Flores provided the officer with the other opportunity to expand the nature of the investigation by resisting and allowing an encounter with the officer that allowed him to smell the odor of alcohol which is recited in the affidavit.

The officer observed Flores commit numerous traffic infractions. Flores ignored the officer's overhead lights for over a block until he came to a stop on his front lawn. The officer was entitled to detain Flores long enough to ascertain his identity and, at the least, issue a citation for his traffic infractions. When Flores refused to follow the officer's instruction, he committed a new offense of resisting or obstructing an officer, for which he could be arrested. Flores ignored the officer's instructions to remain in his vehicle and resisted the officer when approached. It was then that the officer noted a strong smell of alcohol. Flores's abnormal behavior created suspicious circumstances which provided ample justification for the officer to expand his investigation to other possible crimes. Therefore, the magistrate did not err by denying Flores's motion to suppress.

In his reply brief, Flores argues that the officer did not have reasonable suspicion that he had committed the crime of resisting or obstructing an officer because the officer had failed to

4

properly identify himself to Flores and inform him that he was attempting to perform some official act or duty. Flores's argument is meritless and misinterprets the applicable standard. The officer need not have probable cause as to every element of a crime. Rather, the issue is whether Flores's actions created suspicious circumstances justifying the officer in expanding his investigation into other possible crimes. Further, this expanded investigation is not limited solely to resisting the officer's instructions, but may include an investigation into any illicit reason for Flores's abnormal behavior under the totality of the circumstances.

## III.

## CONCLUSION

Flores's abnormal behavior created suspicious circumstances justifying the officer's expansion of the traffic stop to investigate other possible crimes, including driving under the influence and resisting an officer. Therefore, the magistrate did not err by denying Flores's motion to suppress. Accordingly, the district court's decision affirming Flores's judgment of conviction for excessive driving under the influence, driving without privileges, and resisting an officer is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**