**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38802**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 412** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 20, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LANDON BLAKE WEST,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for possession of a controlled substance with intent to deliver and possession of drug paraphernalia, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Landon Blake West appeals from his judgment of conviction for possession of a controlled substance with intent to deliver and possession of drug paraphernalia. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On July 22, 2010, an officer observed West's vehicle back out of the driveway of a known drug house. While following the vehicle, the officer observed West fail to properly signal during a turn. The officer conducted a traffic stop. Upon making contact with West, the officer observed that West was holding a freshly lit cigarette, appeared extremely nervous, and was wearing a necklace with a glass medallion embossed with "4:20." The officer asked West for his driver's license, registration, and proof of insurance and discovered that West's insurance was not valid. While standing at the driver's side window, the officer radioed dispatch and

1

requested that a drug dog be sent to the stop.  While waiting for the drug dog to arrive, the officer returned to his patrol car and ran West and his passenger's information through dispatch for driver's license status as well as any active warrants.  The officer also began completing a traffic citation.  The drug dog and his handler arrived while the officer was still completing the citation.  The officer discussed the situation with the handler and returned to West's vehicle to ask West and his passenger to exit.  The drug dog sniffed the outside of West's vehicle and alerted to the smell of a controlled substance.  Marijuana and drug paraphernalia were discovered in West's vehicle.

West was initially charged with possession of marijuana in an amount exceeding three ounces and possession of drug paraphernalia.  West filed a motion to suppress evidence, which the district court denied.  Pursuant to an I.C.R. 11 plea agreement, West entered conditional guilty pleas to possession of a controlled substance with intent to deliver, I.C. § 37-2732,[1] and possession of drug paraphernalia, I.C. § 37-2734A(1), and reserved the right to appeal the denial of his motion to suppress.  The district court imposed a unified term of five years, with a minimum period of confinement of two years, for possession with intent to deliver and retained jurisdiction for a period of one year.[2]  The district court also imposed a concurrent ninety-day sentence for the drug paraphernalia charge.  West appeals.

## II.

## ANALYSIS

West argues that the district court erred when it denied his motion to suppress evidence. The standard of review of a suppression motion is bifurcated.  When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found.  *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).  At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court.  *State v. Valdez-Molina*,

---

[1]   This charge was amended from possession of marijuana in an amount exceeding three ounces.

[2]   Following completion of West's rider, the district court suspended the balance of West's sentence and placed him on probation for five years.

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). Because West does not challenge the district court's factual findings, but contests only the court's legal conclusions, the issue presented is one of law, which we independently review. *State v. Brumfield*, 136 Idaho 913, 916, 42 P.3d 706, 709 (Ct. App. 2001).

West argues that the officer impermissibly extended the duration of the traffic stop to await the arrival of the drug dog. An investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *State v. Roe,* 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Gutierrez,* 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). There is no rigid time-limit for determining when a detention has lasted longer than necessary. *State v. Ramirez*, 145 Idaho 886, 889, 187 P.3d 1261, 1264 (Ct. App. 2008).

The district court found that the officer did not intentionally delay the length of the traffic stop to await the arrival of the drug dog. Specifically, based upon testimony adduced at the hearing on West's motion to suppress, the district court found that approximately ten minutes elapsed from the beginning of the traffic stop until the drug dog sniff. The district court also found that, during that time, the officer approached West's vehicle; made contact with West; requested West's driver's license, registration, and proof of insurance; went to his patrol car and went back to West's vehicle once he determined the insurance information was not valid; returned to his patrol car to run West and his passenger's information through dispatch for driver's license status as well as any active warrants; and began writing a citation. The officer testified that the drug dog and his handler arrived while the officer was still completing the citation. We conclude that the time used by the officer was necessary to complete his investigation into West's traffic violation. Therefore, based on the circumstances of this case, there was no impermissible extension of the duration of the traffic stop to await the arrival of the drug dog.

Even if the duration of the traffic stop was lengthened to await the arrival of the drug dog, it is not an unlawful lengthening of a legal detention to hold a suspect until a drug dog arrives when reasonable suspicion of a drug crime is present. *Brumfield*, 136 Idaho at 917, 42 P.3d at 710. West argues that the officer lacked such reasonable suspicion.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. An

investigative stop must be justified by a reasonable suspicion, derived from specific articulable facts, that the detained person has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 498 (1983); *State v. Fry*, 122 Idaho 100, 103, 831 P.2d 942, 945 (Ct. App. 1991). The determination of whether an investigative detention is reasonable requires a dual inquiry-- whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon,* 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The scope of an investigatory detention may be expanded if objective and specific articulable facts exist to justify the suspicion that a detained person is engaged in criminal activity. *State v. Grantham*, 146 Idaho 490, 496, 198 P.3d 128, 134 (Ct. App. 2008). West concedes that his initial detention by the officer was justified at its inception. Therefore, we only address whether the officer impermissibly expanded the scope of West's detention.

The officer testified at the hearing on West's motion to suppress that, upon making contact with West, the officer observed West was holding a freshly lit cigarette, appeared extremely nervous, and was wearing a necklace with a glass medallion embossed with "4:20." The officer testified that, based upon his training and experience, he knew cigarettes could be used to mask other odors from drugs, West's extreme nervousness was not typical of a traffic stop, and the number "4:20" embossed on West's necklace was associated with marijuana use. This Court has previously recognized the significance of suspects using masking odors, such as cigar smoke, in attempting to cover drug odors. *See Brumfield*, 136 Idaho at 916-17, 42 P.3d at 709-10. In addition, while a suspect's nervousness may be of "limited significance," *State v. Gibson*, 141 Idaho 277, 285-86, 108 P.3d 424, 432-33 (Ct. App. 2005), a suspect's excessive nervousness may contribute to a finding of reasonable suspicion. *See State v. Johnson*, 137 Idaho 656, 660, 51 P.3d 1112, 1116 (Ct. App. 2002). The officer also testified that, prior to making the traffic stop, the officer observed West's vehicle back out of the driveway of a known drug house. We conclude that, taken together, these objective and specific articulable facts justified the suspicion that West was engaged in criminal activity associated with marijuana use.

4

Thus, the officer did not impermissibly expand the scope of West's detention by calling for the drug dog to confirm or dispel that suspicion.

## III.

## CONCLUSION

The officer did not impermissibly extend the duration of the traffic stop of West's vehicle to await the arrival of the drug dog. Even if the length of the traffic stop was extended to await the arrival of the drug dog, it was not an unlawful extension because objective and specific articulable facts justified the suspicion that West was engaged in criminal activity associated with marijuana use. Therefore, the district court did not err by denying West's motion to suppress evidence. Accordingly, West's judgment of conviction for possession of a controlled substance with intent to deliver and possession of drug paraphernalia is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**