# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43495

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 725 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 7, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN SCOTT DIAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying motion to suppress, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Kevin Scott Dias appeals from the district court's order denying his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped Dias for failing to a come to a complete stop at a stop sign. The officer noticed that Dias appeared extremely nervous. The officer asked if there was anything illegal in the vehicle, specifically if there was marijuana or anything like marijuana. Dias said there was not anything illegal in the vehicle, and the officer asked if Dias had been arrested for drugs before. Dias said he was arrested for possession of marijuana the prior year. Dias's wife, Arlee Dias, was a passenger in the vehicle. The officer ran the couple's information, dispatch

1

informed the officer that Arlee had two outstanding misdemeanor warrants, and the officer arrested Arlee.

The officer asked Dias to get out of his vehicle and for permission to "take a look" in Dias's pockets. Dias consented. The officer located $1,000 in cash in Dias's pocket. The officer told Dias to come over to the front bumper of the patrol vehicle and "just take a seat on" the bumper. The following exchange then took place between the officer and Dias:

| Officer: | Is there anything in that car I need to be aware of tonight man, no weed or nothing like that, anything illegal? |
| Dias: | No. |
| Officer: | Is it okay if I just take a quick look at it, look inside? Is that cool? |
| Dias: | Yeah. |
| Officer: | Alright, I appreciate that. We'll keep the money up there for now and I'll put your uh wallet on top of it so don't go away, ok? Just hang tight for me, if there's nothing in the car this should be pretty quick. I appreciate it. |

The officer observed a fanny pack on the back seat of the vehicle. The officer opened the fanny pack and found methamphetamine, spice, oxycodone, a syringe, and a digital scale. Dias did not object to the officer's search of the fanny pack. The officer arrested Dias and searched Dias's person and the vehicle again, finding more cash, drugs, and drug paraphernalia.

The State charged Dias with possession of a controlled substance with the intent to deliver and possession of drug paraphernalia. Idaho Code §§ 37-2732(a), 37-2734A. Dias moved to suppress the evidence found by the officer. The district court denied the motion, and Dias entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress. Dias timely appeals.

## II.

## ANALYSIS

Dias asserts that the district court erred when it denied his motion to suppress because he did not consent to a full search of his vehicle and the containers therein when he agreed to let the officer "just take a quick look" in the vehicle. Dias argues the officer's actions exceeded the scope of Dias's consent. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve

2

factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Courts presume warrantless searches are unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). There are, however, limited exceptions to the warrant requirement for intrusions that are reasonable under the circumstances, such as searches conducted with consent voluntarily given by a person who has the authority to do so. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Stewart*, 145 Idaho 641, 644, 181 P.3d 1249, 1252 (Ct. App. 2008).

It is well settled that when the basis for a search is consent, the State must conform its search to the limitations placed upon the right granted by the consent. *State v. Ballou*, 145 Idaho 840, 849, 186 P.3d 696, 705 (Ct. App. 2008). The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness, "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *Ballou*, 145 Idaho at 849, 186 P.3d at 705. Generally, the scope of a search is defined by its expressed object. *Jimeno*, 500 U.S. at 251. In *Jimeno*, an officer indicated his suspicion that there were drugs in the defendant's vehicle and asked to search the vehicle. *Id.* at 249. The defendant consented and the officer found drugs in a folded brown paper bag. *Id.* at 250. The Court held that the defendant's unqualified consent gave the officer permission to search the vehicle and any containers in the vehicle that might contain drugs, the expressed object of the search. *Id.* at 251.

Dias distinguishes this case from *Jimeno* by looking to the precise wording of the officer's request. Because the officer requested to "just take a quick look" in the vehicle, Dias asserts a reasonable person would believe the officer "would only be scanning the interior of the car for whatever is readily observable." According to Dias, the scope of his unqualified consent, and the officer's subsequent search, should be circumscribed by the exact wording of the officer's request. Dias also asserts he could not object to the scope of the search because the officer told Dias to sit on the bumper of the officer's vehicle. Moreover, because the officer

3

asked if there were drugs or "anything illegal" in the vehicle, Dias asserts drugs were not the express object of the officer's subsequent search.

The district court relied on several cases where officers indicated suspicion that there were drugs in defendants' vehicles and asked if they could "look" in the vehicles. The courts in these cases held the defendants' unqualified consent gave the officers permission to search the interior of the vehicles and containers and areas in the vehicles that might contain drugs, the express object of the searches. *United States v. Lopez-Mendoza*, 601 F.3d 861, 864, 867-69 (8th Cir. 2010) (officer asked if there were drugs in the vehicle and if he could "look and see" if there were drugs in the vehicle; court held the defendant's unqualified consent gave the officer permission to search the vehicle's interior panels); *United States v. Ramstad*, 308 F.3d 1139, 1142, 1146-47 (10th Cir. 2002) (officer asked if there were drugs, contraband, or anything illegal in the vehicle and if he could take a "quick look around" the vehicle; court held the defendant's unqualified consent gave the officer permission to search in the vehicle's speakers).

In *State v. Silva*, 134 Idaho 848, 11 P.3d 44 (Ct. App. 2000), the officer asked if there were drugs or weapons in the vehicle and if he could "look through" the vehicle. We held the defendant's unqualified consent gave the officer permission to search under the vehicle's floor mats. *Id.* at 851-53, 11 P.3d at 47-49. Dias asserts this case is distinguishable from *Silva* because the officer's request in *Silva* connoted "a more thorough inspection" and "the officer in *Silva* did not look in a closed container, but under a floor mat." Dias argues the other cases examined by the district court erroneously expand *Jimeno* and asks this Court to look instead to the decision in *United States v. Wald*, 216 F.3d 1222 (10th Cir. 2000). In *Wald*, the defendant allowed an officer to "take a quick look" in the defendant's vehicle. *Id.* at 1228. After the officer did not locate any evidence in the passenger compartment of the vehicle, he searched the vehicle's trunk and found methamphetamine in a speaker. *Id.* at 1225. The court held a reasonable observer "would not likely conclude that [the defendant] gave [the officer] permission to search the vehicle's trunk." *Id.* at 1228.

We are not convinced the precise wording of an officer's request de-limits the scope of consent under the Fourth Amendment. Rather, the standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness, "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Jimeno*, 500 U.S. at 251; *Ballou*, 145 Idaho at 849, 186 P.3d at 705. In this case, a reasonable

person would have understood the exchange between the officer and Dias to grant the officer permission to search the interior of the vehicle. Moreover, the officer's expressed object of the search was drugs or "anything illegal." Thus, Dias could expect the officer to search in containers, such as the fanny pack, or areas within the vehicle's cab that might contain drugs or contraband. The officer did not exceed the scope of Dias's consent by searching the vehicle's passenger compartment and the fanny pack.

Furthermore, we do not find the distinctions between this case and *Silva* significant. Nor are we persuaded that the other cases the district court relied on erroneously expand *Jimeno*. Ultimately, the Fourth Amendment requires each court to determine what a reasonable person would have understood by the exchange between the officer and the suspect. Moreover, Dias's reliance on *Wald* is misplaced. In *Wald*, the Tenth Circuit held that the defendant did not consent to a search of his vehicle's *trunk* by allowing the officer to "take a quick look" in the vehicle. *Wald*, 216 F.3d at 1228. The court affirmed the district court's holding that the defendant's consent "did not go any further than the interior of the vehicle and at no time did [the defendant] give consent to a search of the trunk." *Id.* Thus, by allowing the officer to "take a quick look" in the vehicle, the defendant in *Wald* consented to a search of the vehicle's passenger compartment, but not the vehicle's trunk. *See id.* Because the exchange here was similar to the exchange in *Wald* but the officer here confined his search to the interior of Dias's vehicle, the officer did not exceed the scope of Dias's consent. Accordingly, we affirm the district court's denial of Dias's motion to suppress.

### III.
### CONCLUSION

The officer did not exceed the scope of Dias's consent. The district court's order denying Dias's motion to suppress is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

5