## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44674

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 606 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 4, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| GERALD R. CESSNUN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order of the district court denying motion to suppress and judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Gerald R. Cessnun appeals from his judgment of conviction for possession of a controlled substance with the intent to deliver and unlawful possession of a firearm. He argues the district court erred in denying his motion to suppress since the officer lacked reasonable suspicion to stop his vehicle. The district court's denial of Cessnun's motion to suppress and judgment of conviction are affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

A police officer observed Cessnun driving a vehicle near what the officer knew to be a drug house. Suspecting Cessnun had just left the drug house, the officer changed direction and followed Cessnun. Once he caught up with Cessnun's vehicle, the officer noticed Cessnun's right tail light was emitting a white light to the rear of the vehicle, consistent with a crack or

1

break. At an intersection, the white light emanating from Cessnun's tail light became even more apparent. The officer activated his overhead lights and stopped Cessnun's vehicle for violation of Idaho Code § 49-906(1). The traffic stop lead to a search of Cessnun's vehicle, which uncovered a gun and illegal substances. Cessnun was charged with possession of marijuana with intent to deliver, possession of methamphetamine and hydromorphone, possession of a legend drug, and unlawful possession of a firearm.

Cessnun moved to suppress the evidence obtained from the search of his vehicle, arguing that the officer did not have reasonable suspicion to stop Cessnun because his tail light was not broken. At the suppression hearing, the officer testified about his observation of Cessnun's broken tail light. Cessnun called three witnesses who testified his tail light was not broken: a longtime friend, Cessnun's girlfriend, and Cessnun's employer who owned the vehicle. The district court found all of Cessnun's witnesses to be unreliable and accepted only the officer's testimony as credible. As a result, the district court found Cessnun's tail light was broken and denied Cessnun's motion to suppress. Cessnun entered an *Alford*[1] plea to possession of a controlled substance with the intent to deliver and unlawful possession of a firearm, reserving the right to appeal the validity of the traffic stop. The State dismissed Cessnun's other charges. The district court sentenced Cessnun to a unified sentence of five years, with two and one-half years determinate, for possession of a controlled substance with intent to deliver and an indeterminate five-year sentence for unlawful possession of a firearm, to be served consecutively. Cessnun timely appeals to this Court.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

### III.
### ANALYSIS

Cessnun asserts the district court erred by denying his motion to suppress evidence found during the stop of his vehicle. Specifically, he contends the officer did not have reasonable suspicion to stop his vehicle because his tail light was not broken. While Cessnun does not challenge the district court's credibility determinations of the witnesses at the suppression hearing, Cessnun points to four observations that he feels should have been given more weight in the district court's reasonable suspicion analysis: (1) the officer never issued a citation to Cessnun for his tail light violation; (2) the tail light was never photographed; (3) the State presented no evidence Cessnun's witnesses lied during the hearing; and (4) there was no evidence that Cessnun's tail light had been tampered with.

However, these observations do not alter the district court's factual finding that Cessnun's tail light was broken. That finding is based on the district court's determination that the officer was the only credible source of testimony given at the suppression hearing. As stated above, the power to assess the credibility of witnesses belongs to the district court. The district court's determination of credibility cannot be supplanted by any impression or conclusion drawn from the record by this Court, as Cessnun asks us to do here. *State v. Howard*, 155 Idaho 666, 673, 315 P.3d 854, 861 (Ct. App. 2013). Thus, we accept the district court's finding that the officer provided the only credible testimony. In turn, we accept the district court's finding that Cessnun's tail light was broken, which supports the officer's reasonable suspicion to stop Cessnun's vehicle.

### IV.
### CONCLUSION

The officer provided the only credible testimony at the suppression hearing, showing that Cessnun's tail light was broken. The broken tail light provided the officer with reasonable suspicion to stop Cessnun's vehicle. The district court's denial of Cessnun's motion to suppress and the judgment of conviction are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

3