IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52310

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: April 20, 2026** |
|     Plaintiff-Respondent, | ) |
| | )   **Melanie Gagnepain, Clerk** |
| v. | ) |
| | )   **THIS IS AN UNPUBLISHED** |
| TYRIS XAVIER PARKER, | )   **OPINION AND SHALL NOT** |
| | )   **BE CITED AS AUTHORITY** |
|     Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction; affirmed; order denying motion to suppress, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale G. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Tyris Xavier Parker appeals from his judgment of conviction for felony possession of a controlled substance. Parker argues that mindful of contrary authority, the district court erred when it denied his motion to suppress because the officer's testimony about the drug dog's pre-alert behavior did not provide objective evidence the dog detected the presence of drugs. For the reasons set forth below, we affirm Parker's judgment of conviction and the district court's denial of Parker's motion to suppress.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Gifford stopped a vehicle driven by Parker for failing to use a turn signal. Parker moved from the driver's seat to the passenger seat, opened the door, and placed his hands under the dashboard out of Officer Gifford's sight. Officer Gifford instructed Parker to place his hands on the dashboard, but Parker did not comply. Concerned with what Parker was reaching for under

1

the dashboard, Officer Gifford drew his firearm and ordered Parker to place his hands on his head. Officer Gifford requested assistance and one of the responding officers, Officer Gibson, arrived with his drug dog. Once the additional officers arrived, Parker was removed from his vehicle, placed in handcuffs, and instructed to sit on the curb. Officer Gifford explained to Parker the reason for the stop and why the officer drew his firearm. Officer Gifford then returned to his patrol car to write a citation.

While Officer Gifford was speaking with Parker and writing the citation, Officer Gibson had his drug dog conduct an open-air sniff of the vehicle's exterior. During the open-air sniff, the dog signaled a general alert, which indicated to Officer Gibson the dog detected drugs in the vehicle. While continuing the open-air sniff, the dog made physical contact with the vehicle prior to giving its final alert. Based on the alert, the officers searched Parker's vehicle and found controlled substances and drug paraphernalia.

Parker was charged with felony possession of a controlled substance, fentanyl, Idaho Code § 37-2732(c), misdemeanor possession of a controlled substance, marijuana, I.C. § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A. Parker filed a motion to suppress the evidence found during the search of his vehicle, arguing the duration of the stop was unlawfully extended and the dog's sniff was unreliable and a trespass. The district court denied Parker's motion to suppress finding the duration of the stop was not unlawfully extended and there was objective evidence of the drug dog signaling a general alert to the presence of drugs prior to touching the vehicle. Parker entered a conditional guilty plea to felony possession of a controlled substance, reserving his right to appeal the denial of his motion to suppress. Parker appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

On appeal, Parker does not challenge the district court's finding that the stop was not unlawfully extended. Instead, Parker argues that, mindful of *State v. Ricks*, 173 Idaho 74, 539 P.3d 190 (Ct. App. 2023), Officer Gibson's testimony about his drug dog's pre-alert behavior did not provide sufficient objective evidence that the dog detected the presence of drugs. The State argues the officers had probable cause to search Parker's vehicle because the drug dog provided a general alert to the presence of drugs prior to any trespass. The district court did not err in finding the drug dog signaled a general alert to the presence of drugs prior to making physical contact with the vehicle, thus establishing probable cause to search the vehicle.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. A reliable drug dog's sniff of the exterior of a vehicle is not a search under the Fourth Amendment and does not require either a warrant or an exception to the warrant requirement. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005); *State v. Randall*, 169 Idaho 358, 366, 496 P.3d 844, 852 (2021). In *Caballes*, the United States Supreme Court held that drug dog sniffs are "*sui generis*," meaning they are unique in the Fourth Amendment context. *Caballes*, 543 U.S. at 409. This is because they "disclose[] only the presence or absence of narcotics," which does not implicate any privacy interests. *Id*. Official conduct that does not comprise any legitimate interest in privacy is not a search subject to the Fourth Amendment. *Id.* at 408.

Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible common-sense standard, requiring only a practical, nontechnical probability that incriminating evidence is present. *Id*. The automobile exception to the warrant requirement allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *United States v. Ross*, 456 U.S. 798, 823-24 (1982).

While engaged in an open-air sniff outside a vehicle, a drug dog's signaling behavior of a general alert--such as the dog's breathing, posture, body movements, and verbal responses--can constitute probable cause. *Ricks*, 173 Idaho at 79, 539 P.3d at 195. The testimony of the dog's handler is important for proving a dog's general alert to establish probable cause. *State v. Morgan*,

3

175 Idaho 334, 338, 565 P.3d 275, 279 (Ct. App. 2025). This is because the handler's testimony about a dog's signaling behavior can provide objective evidence of the dog's general alert to the odor of drugs emanating from a vehicle, which is sufficient to establish probable cause. *Ricks*, 173 Idaho at 79-80, 539 P.3d at 195-96. The handler may draw reasonable inferences from the facts and circumstances, based upon the handler's experience and law enforcement training, to determine whether a drug dog's signaling behavior constitutes a general alert, and thus establishes probable cause. *Morgan*, 175 Idaho at 340, 565 P.3d at 281; *Ricks*, 173 Idaho at 79-80, 539 P.3d at 195-96.

Parker argues "the dog's pre-alert behavior captured on Officer Gibson's bodycam video is not as expressive and apparent as described in Officer Gibson's testimony." Parker further argues Officer Gibson's testimony regarding the dog's pre-alert behavior is questionable because "the dog initially went past the [vehicle] to go up the stairs to an apartment complex and only returned to the [vehicle] upon Officer Gibson's command." The State argues Parker's opinion about what the video shows is insufficient to demonstrate the district court's factual findings are clearly erroneous.

The district court found there was substantial evidence supporting a finding of probable cause based not only on the on-body camera footage, but also on Officer Gibson's testimony. The district court found the officer and the drug dog are a certified narcotics team who were extensively trained; the dog is certified to detect the odor of narcotics; when detecting drugs, the dog's behavior changes in specific and objective ways; the dog exhibited those behavioral changes to signal the presence of drugs in Parker's vehicle; and the dog's behavioral changes occurred prior to the dog touching the vehicle and giving its final alert. The district court found Officer Gibson's testimony credible--that the officer observed the drug dog's signal to the presence of drug odor prior to the dog touching the vehicle and giving a final alert. Substantial evidence supports the district court's conclusion.

Officer Gibson testified that he has worked with the Boise Police Department for almost seventeen years, is a certified drug dog handler, and trained the drug dog in this case, who is also certified, for over 160 hours. Officer Gibson trains with the dog for at least sixteen hours per month to maintain their certification. The dog is certified to detect heroin, marijuana, methamphetamine, and cocaine and is trained to find residual amounts of narcotic odors, such as an amount transferred from someone's hand to a door handle. Officer Gibson testified that this kind of training has resulted in the dog alerting to vehicles where no narcotics were found, but it

4

was not common. Officer Gibson testified the dog changes its behavior by wagging its tail more, licking its lips, raising its nose, and breathing through its mouth and nose to signal to Officer Gibson that the dog detects the odor of drugs. The dog is trained to get as close to the odor as possible to signal to the officer the proximity of the drugs.

Officer Gibson also testified the dog signaled to the presence of drugs in Parker's vehicle prior to the dog touching the vehicle. After Officer Gibson gave the dog the command to conduct the open-air sniff, the dog proceeded past the passenger side of Parker's vehicle and began going up the stairs toward the nearby apartment complex; Officer Gibson then redirected the dog back to the parking lot. Officer Gibson testified he and the dog were closer to another vehicle when the dog turned his head back toward Parker's vehicle, tugged on the leash, picked up his pace, and went directly to the driver's side of Parker's vehicle with his nose up, which signaled the presence of a drug odor. Once the dog reached Parker's driver's side door, the dog began closed-mouth sniffing the door seam and then lifted its nose up toward the partially rolled-down window to indicate the direction of the odor. Officer Gibson testified these changes in behavior signaled to the presence of drugs inside Parker's vehicle before the dog touched the vehicle and provided a final alert.

An officer's testimony that a dog's behavior demonstrates the detection of drugs prior to a final indication is no different in character or more subjective than the officer's testimony as to what behavior constitutes a final indication or what a final indication means. The district court's factual finding that the dog's behavior indicated a general alert to the presence of drugs prior to touching the vehicle is supported by substantial evidence. As held in *Ricks* and *Morgan*, a general alert may provide probable cause. In this case, there was probable cause to search Parker's vehicle. The district court did not err when it found there was substantial evidence supporting probable cause to search Parker's vehicle.

## IV.
## CONCLUSION

The district court did not err in finding there was substantial evidence that the drug dog alerted to the presence of drugs in Parker's vehicle prior to giving its final indication and the evidence supported probable cause to search the vehicle. The district court's judgment of conviction and order denying Parker's motion to suppress are affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.

5