**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47191**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 11, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA JAMES VILLALPANDO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for possession of methamphetamine and possession of heroin, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joshua James Villalpando appeals from the district court's judgment of conviction for possession of methamphetamine and possession of heroin. He argues that the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Villalpando was charged with felony possession of methamphetamine, felony possession of heroin, misdemeanor possession of marijuana, misdemeanor possession of paraphernalia, grand theft by possession of stolen property, and misdemeanor petit theft by possession of stolen property. The charges arose after Officer Messenger was on patrol and began following Villalpando's vehicle. Officer Messenger ran Villalpando's license plates, learned that the plates were not registered to any vehicle, and stopped Villalpando for fictitious plates. When he was

1

approaching the vehicle, the officer noticed that the vehicle was filled with various tools and multiple backpacks. Upon approaching, Villalpando informed Officer Messenger that he did not have a driver's license or proof of insurance. The officer was aware that there had been a number of construction site burglaries in the area which resulted in the theft of tools and that stolen vehicles often have fictitious plates.

As pertinent to this appeal, Officer Messenger asked Villalpando various questions regarding his identification, the tools and backpacks in the back of his vehicle, and Villalpando's purchase of the vehicle. In response, Villalpando explained that he lived in Florida and that he worked as a plumber, went to school to become a plumber, and had purchased the vehicle from a man who was in jail. Officer Messenger also discussed with Villalpando working in Florida and Idaho, and Villalpando mentioned his education as a plumber. While Officer Messenger was investigating whether the tools or the vehicle were stolen, a drug-dog officer arrived on scene and his canine alerted on Villalpando's vehicle. An initial search of the vehicle revealed the presence of controlled substances. A subsequent search, supported by a warrant, revealed stolen checks and stolen tools. Consequently, the State charged Villalpando with the above-listed offenses. Villalpando filed a motion to suppress, arguing that his stop was unlawfully extended. The district court denied the motion. In exchange for the State dismissing the remaining charges, Villalpando entered a conditional guilty plea to felony possession of methamphetamine, Idaho Code § 37-2732(C), and felony possession of heroin, I.C. § 37-2732(C). He reserved his right to appeal the district court's denial of his motion to suppress. Thereafter, the district court sentenced Villalpando to a unified term of five years with two years determinate, suspended the sentence, and placed Villalpando on probation. Villalpando timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

**III.**

**ANALYSIS**

While he is "[m]indful of the applicable authorities," Villalpando argues that the district court erred in denying his motion to suppress because the traffic stop was unlawfully prolonged. Specifically, Villalpando contends that after obtaining all the information needed to complete the records check, Officer Messenger impermissibly extended the stop for thirty-five seconds by asking Villalpando about his work and education. In response, the State argues that Villalpando has failed to show that the brief conversation was outside the scope of the officer's investigation. We agree with the State.

The Fourth Amendment of the United States Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." As the text indicates, the "touchstone of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *State v. Rios*, 160 Idaho 262, 264, 371 P.3d 316, 318 (2016) (quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."). Such tasks include ordinary inquiries incident to the traffic stop such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodriguez*, 575 U.S. at 355; *see also Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.").

3

We conclude that Villalpando's stop was not unlawfully prolonged. Officers cannot "deviate from the purpose of the traffic mission in order to investigate, or engage in safety measures aimed at investigating crimes unrelated to roadway safety for which the officers lack reasonable suspicion." *State v. Still*, 166 Idaho 351, 356, 458 P.3d 220, 225 (Ct. App. 2019). Here, the district court concluded that the initial traffic stop was justified because of the fictitious plates. However, the court explained that "[t]he initial purpose of the stop was not merely to write a ticket for a traffic offense [], but [was] to determine why the van had plates that were not registered to it--and in fact, to any other vehicle." In addition, because of "[t]he number of tools, the many backpacks, the plates that did not return to the van, [and] the lack of a license and proof of insurance," the court explained that the stop "quickly evolved from concern about a fictitious license plate to concern about the possible theft of the vehicle and involvement in construction site burglaries." Based on those factors, the court concluded that Officer Messenger also had reasonable suspicion to investigate whether the tools and the vehicle were stolen.

Villalpando does not challenge the district court's reasonable suspicion determination. Nonetheless, he argues that the questions asked unrelated to his investigation of the crimes for which Officer Messenger had reasonable suspicion prolonged his traffic stop. As discussed above, the officer asked Villalpando questions regarding his identification, the tools and backpacks in the back of his vehicle, and Villalpando's purchase of the vehicle. In response to the questions, Villalpando explained that he had the tools because he was a plumber, obtained an education to become a plumber, and had purchased the vehicle from a man who was in jail. Villalpando asserted that Officer Messenger expanded the stop by asking whether work was better in Idaho or Florida and about Mr. Villalpando's schooling, which he claims was unrelated to the basis of the stop or investigation as to stolen tools and vehicle. The officer testified that he asked the questions in order to investigate whether the vehicle and the tools were stolen. The conversation regarding Villalpando's work and education was aimed at investigating the stolen tools and vehicle. Because the questions were aimed at investigating crimes for which Officer Messenger had reasonable suspicion, they did not unlawfully prolong the traffic stop, nor did Officer Messenger abandon the purpose of the stop. Thus, the district court did not err in denying Villalpando's motion to suppress.

4

## IV.
## CONCLUSION

The district court did not error in denying Villalpando's motion to suppress. Accordingly, the district court's judgment of conviction for possession of methamphetamine and possession of heroin is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.