# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49927

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

TROY NATHANIEL TROTTA,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 18, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, District Judge.

Judgment of conviction for trafficking in methamphetamine, possession of drug paraphernalia, and operating a motor vehicle while under the influence of drugs, affirmed and case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Troy Nathaniel Trotta appeals from his judgment of conviction for trafficking in methamphetamine, possession of drug paraphernalia, and operating a motor vehicle while under the influence of drugs (DUI). Trotta argues that the district court erred in denying his motion to suppress. Trotta also argues the district court abused its discretion by failing to redline or amend inconsistencies in his presentence investigation report (PSI). The district court entered an order to amend the PSI but the record does not reflect that the changes previously accepted by the district court are noted in a way that memorializes the changes. We hold a limited remand is necessary for the district court to confirm that the appropriate corrections were made to the PSI, ensure the corrected PSI is made part of the record, and is provided to the Idaho Department of Correction. However, the district court did not abuse its discretion in denying Trotta's motion to suppress.

1

Thus, we affirm Trotta's judgment of conviction and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol, Officer Biagi observed a vehicle make an illegal right turn using a lane of travel rather than the right turn lane.[1]  Officer Biagi conducted a traffic stop.  The vehicle did not pull into the parking lot but stopped in the entryway, partially blocking the entrance to the parking lot of a business and the back left tire was still touching the roadway.  Trotta was the sole occupant of the vehicle.  Officer Biagi observed Trotta using quick, jerky movements and his pupils appeared constricted; because the stop occurred at night, the pupils should have been dilated not constricted.  Officer Biagi conducted field sobriety tests.  Trotta informed Officer Biagi that Trotta had taken hydrocodone or Norco due to a recent dental procedure.  Trotta was then arrested for DUI based upon his poor performance on the field sobriety tests.  Officer Biagi remained with the vehicle.  Officer Biagi called his supervisor to seek permission to have the vehicle impounded, which was granted.  Subsequently, Officer Biagi searched the vehicle and found a backpack in the rear seat which contained methamphetamine.

The State charged Trotta with trafficking in methamphetamine (Idaho Code § 37-2732B(a)(4)(C)), possession of drug paraphernalia (I.C. § 37-2734A), and DUI (I.C. § 18-8004).  The State also alleged that Trotta is a persistent violator of the law (I.C. § 19-2514).  Trotta filed a motion to suppress the evidence obtained from the search.  The district court denied the motion.  At trial, a jury found Trotta guilty of all charges.  The State dismissed the persistent violator enhancement.  At sentencing, the district court entered an order to amend the inaccuracies in the presentence investigation report (PSI).  Trotta appeals.

---

[1]     The district court made oral findings at the motion to suppress hearing.  The district court identified the turn as an illegal left turn; however, Officer Biagi testified that it was an illegal right turn.  This factual finding is not in dispute.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Trotta argues that the district court erred in denying his motion to suppress the evidence found inside his vehicle because the impoundment and subsequent search of the vehicle violated his Fourth Amendment right. Trotta further argues that the search cannot be upheld as a lawful search incident to arrest.

### A.     Inventory Search

Trotta argues that the primary purpose of his vehicle being impounded was for investigative purposes, making it unlawful pursuant to the Idaho Supreme Court's holding in *State v. Ramos*, 172 Idaho 764, 536 P.3d 876 (2023). The Court in *Ramos* held it "constitutionally impermissible to perform a warrantless impoundment and inventory search where the primary purpose behind the decision to impound the car is to investigate the car for evidence of criminal activity." *Id.* at 772, 536 P.3d at 884. Once the primary purpose behind the decision to impound the vehicle has been determined, the Supreme Court held that the next question is whether the decision to impound the vehicle was reasonable. *Id.* at 773, 536 P.3d at 885. While the analysis of whether an officer's decision to impound a car is reasonable is based on an objective standard, the analysis of whether the primary purpose in deciding to impound a car requires an analysis of the officer's subjective intent. *Id.* The burden to show by a preponderance of the evidence that an investigative motive was not the primary purpose behind the decision to impound a defendant's car remains with the State. *Id.*

While *Ramos* was decided after the district court ruled on the motion to suppress in this case, this Court will review the district court's findings to ensure compliance with *Ramos*. The district court held that Officer Biagi did not have the general intent to search the vehicle when deciding to impound it. Rather, the district court found that the vehicle was illegally parked and was blocking the entrance to the parking lot of a business. Further, the district court found that the officer was not aware of anyone else that could take the vehicle on Trotta's behalf. The district court held that the search was made for the purpose of "executing the policy of inventorying the vehicle prior to the towing occurring." The district court also considered Officer Biagi to have performed two separate searches: one search related to the DUI investigation and one inventory search.[2] The district court stated that the motion to suppress only pertained to the inventory search.

Trotta argues that the primary purpose of impounding the vehicle was to perform a search for evidence. Trotta supports this argument with Officer Biagi's testimony that Officer Biagi simultaneously performed both an inventory search and a search based on the DUI. However, the dual purpose of the search does not make the primary purpose of the impoundment pretextual. Officer Biagi testified, and the district court found, that he decided to impound the vehicle because it was partially blocking access to the parking lot and "if [he] owned a business and a car was there in the morning, [he] would probably wonder why and maybe even be upset." The district court ultimately concluded that Officer Biagi's decision to impound and inventory the vehicle "was not the result of just a general intent to search for evidence related to this particular DUI investigation" but, instead, was to properly execute the policy of inventorying the vehicle prior to towing it. That finding is supported by substantial and competent evidence. That Officer Biagi suspected that evidence of the DUI would be found during a search of the vehicle does not negate the primary purpose for the search or make the impoundment of the vehicle impermissible nor is it evidence that the primary purpose of the impoundment was to justify a search for evidence of DUI.

---

[2]   Both parties argue that the district court did not have substantial and competent evidence to find that there were two searches. Rather, both parties argue that there was one search of the vehicle. We agree. Officer Biagi testified that he searched the vehicle as both an inventory search and a search incident to arrest for DUI. When asked if he performed these searches simultaneously, he responded, "Correct. I don't need to go through the same search that I just did. If I can do two jobs in one job, then that's what I did." Therefore, the district court erred in finding there were two searches. Rather, the evidence shows that Officer Biagi performed one search based on two independent justifications.

Next, we must answer whether impounding the vehicle was reasonable under the circumstances. The reasonableness of impounding a vehicle depends on whether it constitutes a "community caretaking" function. *Ramos*, 172 Idaho at 773, 536 P.3d at 885. "[W]hen police 'seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience,' such impoundments are 'beyond challenge'" as they fall within the definition of a community caretaking function. *Id.* at 774, 536 P.3d at 886 (quoting *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976)).

The facts known to Officer Biagi at the moment he decided to impound the vehicle were that the parked vehicle was partially blocking the entrance into a parking lot of a business and that there was no other person with Trotta who could take possession of the vehicle. Further, the district court found (and Trotta did not contest) that, following the decision to impound the vehicle, Officer Biagi complied with police department procedures to carry out that function. Officer Biagi called his supervisor to obtain permission to impound the vehicle, called for a tow truck, stayed with the vehicle, and inventoried the items of value in the vehicle until it was impounded. Therefore, the impound of Trotta's vehicle was reasonable and the district court did not err in finding the subsequent inventory search to be justified under the inventory exception to the warrant requirement. Because we conclude the district court did not err in denying Trotta's motion to suppress on the ground that the inventory search was proper, we need not address whether Officer Biagi could also search the vehicle incident to Trotta's arrest.

**B.  Presentence Investigation Report**

Trotta argues that the district court abused its discretion when it entered an order to amend the PSI but failed to redline the PSI to reflect those changes. Trotta asserts that the record shows that the district court agreed to make two changes to the PSI. The State agrees that a limited remand is appropriate to correct those changes. The Idaho Supreme Court has held that when a district court accepts corrections to a PSI, the district court has an obligation to: (1) update the PSI; (2) make the updated PSI a part of the record; and (3) provide the updated PSI to the Idaho Department of Correction (IDOC). *State v. Greer*, 171 Idaho 555, 563, 524 P.3d 386, 394 (2023). Further, when the PSI in the appellate record does not include the corrections the district court agreed to make, the Idaho Supreme Court has held that the appellate court cannot determine if those changes occurred. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023). Thus, a limited remand is necessary to ensure any corrections previously accepted by the district court

are noted in a way that memorializes those corrections in the record. *Id.* Such corrections can be made by redlining the PSI with handwritten or digital annotations or by entering an order correcting the PSI, so long as the order is sufficiently and conspicuously appended to the PSI in a single document. Upon remand, the district court should confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Id.*; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

## IV.

## CONCLUSION

Trotta failed to show that the district court abused its discretion in finding that the impoundment and subsequent inventory search of his vehicle violated his Fourth Amendment right. Therefore, Trotta's judgment of conviction for trafficking in methamphetamine, possession of drug paraphernalia, and operating a motor vehicle while under the influence of drugs is affirmed. Trotta met his burden of showing that the district court abused its discretion in failing to redline the PSI. Because the district court entered an order to amend the PSI but did not amend the PSI, this case is remanded for the limited purpose of the district court to make the appropriate changes to the PSI and that the Idaho Department of Corrections is advised of the changes.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.