# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51670

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RONALD ERIC GABRIEL,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 25, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for trafficking in methamphetamine, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Ronald Eric Gabriel appeals from his judgment of conviction for trafficking in methamphetamine. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Corporal Beaudoin was observing Gabriel in a parking lot after having received information that he was potentially selling drugs in the community. Corporal Beaudoin knew Gabriel was on probation and called the probation liaison for the Boise Police Department, Officer Whiter. Officer Whiter informed Corporal Beaudoin that Gabriel was in violation of his probation for not completing required check-ins. If contact occurred, Officer Whiter requested Corporal Beaudoin to detain Gabriel so Officer Whiter could speak with Gabriel and conduct a search. Notably, Gabriel was subject to a probation condition wherein he waived his rights under the "Fourth Amendment" and the "Idaho Constitution concerning searches."

1

Corporal Beaudoin then asked for assistance in his investigation by contacting Detective Durbin. Detective Durbin arrived and identified Gabriel's vehicle and observed him leaving the area in the vehicle. Detective Durbin followed Gabriel and observed various traffic violations. After Detective Durbin informed other law enforcement on the radio regarding the traffic violations, Gabriel was stopped by Corporal Gibson (K-9 officer). Corporal Gibson had also received information that Gabriel was on probation and that Officer Whiter would like to speak to Gabriel at the traffic stop. Corporal Beaudoin responded to the traffic stop soon after and talked to Gabriel. Officer Whiter was then informed that Gabriel had been stopped. Officer Whiter arrived at the scene shortly thereafter.

After Officer Whiter informed Gabriel that she was going to search his vehicle pursuant to the conditions of his probation, Officers Whiter and Gibson performed a search of Gabriel's vehicle. While conducting the search, Officer Gibson found a postal service box in the back seat, which was not addressed to or from Gabriel and the mailing addresses listed on the box were invalid. Gabriel denied ownership of the box. Officer Whiter requested Corporal Gibson have his K-9 sniff the box for further investigation. The K-9 performed the sniff and alerted to the odor of narcotics. Corporal Beaudoin opened the box and discovered what officers believed to be a large amount of methamphetamine.

Gabriel was charged with trafficking in methamphetamine. Gabriel moved to suppress all evidence from the warrantless search of his vehicle, asserting that officers circumvented the warrant requirement by conducting an investigative search rather than a true probation search and, alternatively, that the search was unreasonable under the totality of the circumstances. He further argued the stop was impermissibly prolonged and the dog sniff was not reasonable. The State filed an objection and argued that Gabriel lacked standing to challenge the search, the search was reasonable and within the scope of the probation waiver, and Gabriel had no reasonable expectation of privacy based on the waiver. The hearing on Gabriel's suppression motion included testimony from law enforcement officers involved in the investigation, the traffic stop, and the search. After the hearing on the motion to suppress, the district court held a subsequent hearing, at which it made an oral ruling denying Gabriel's motion to suppress. The district court concluded that the traffic stop and subsequent search were proper, not unlawfully extended, and done within the scope of the probation waiver. Following the denial of his motion to suppress, Gabriel entered

a conditional guilty plea to trafficking in methamphetamine (Idaho Code § 37-2732B(a)(4)(B)), reserving his right to appeal the district court's denial of his motion to suppress. Gabriel appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful of *State v. Hansen*, 167 Idaho 831, 477 P.3d 885 (2020),[1] Gabriel argues that the search violated his Fourth Amendment rights because it was unreasonable under the totality of the circumstances, identifying six facts he claims support suppression. The State argues that Gabriel offers no explanation as to how those facts demonstrate unreasonableness outside a bare conclusion that they prove a Fourth Amendment violation.

As part of his probation, Gabriel agreed to authorize any agent of the Idaho Department of Correction or any law enforcement officer to search his person, residence, vehicle and other property, and waived his Fourth Amendment rights with respect to such searches. Accordingly, the reasonableness of the search turns on whether officers acted within the scope of that waiver and under the totality of the circumstances.

---

[1] In *Hansen*, the Idaho Supreme Court held that a probationer's Fourth Amendment waiver authorizing searches of the probationer's "person, residence, vehicle, personal property, and other real property or structures" by "any agent of [the Idaho Department of Correction] or a law enforcement officer" constitutes valid consent, and a probationer may withdraw such consent only by petitioning the sentencing court. *Id.* at 837, 477 P.3d at 891. The Court concluded the search was reasonable because the officer conducting the search was a "law enforcement officer" within the meaning of the waiver and the search fell within the expressly listed category of "vehicle." *Id*.

Gabriel first contends that the traffic stop was based on infractions that were not observed by the officer who conducted the stop. However, Gabriel concedes that the collective knowledge doctrine permits an officer lacking firsthand knowledge to rely on information relayed by another officer who possesses reasonable suspicion. *See United States v. Hensley*, 469 U.S. 221, 232 (1985) (holding that a stop may be based on information relayed by another officer, so long as the originating officer had reasonable suspicion). Here, Detective Durbin personally witnessed the infractions and testified to relaying that information to Corporal Gibson. That Corporal Gibson did not observe the infractions himself did not bear on whether the stop was lawful or the search was reasonable or within the scope of the probation waiver.

Second, Gabriel asserts that the officer who observed the traffic violations was from the Meridian Police Department, was never at the scene, and was initially told not to submit a report before later being directed to do so in preparation for court. These facts are immaterial. The reasonableness of the search turns on whether it complied with the waiver--not on the officer's reporting timeline. As explained above, law enforcement may act together during an investigation and rely on information given to them to perform their duties. Detective Durbin possessed personal knowledge of the violations and communicated that information to Corporal Gibson, who then performed the lawful traffic stop. These facts show only that law enforcement coordinated during the investigation. They do not show the search was unreasonable.

Third, Gabriel argues that, before he began driving, he was seen and identified while in a parking lot and the on-call probation officer (Officer Whiter) was called. Law enforcement officers testified they were conducting surveillance because they had information Gabriel was potentially selling drugs in the community. Corporal Beaudoin relayed Gabriel's presence and whereabouts to Officer Whiter. These facts reflect routine communication during an investigation and do not support any inference that the probation search exceeded the waiver.

Fourth, Gabriel notes that Officer Whiter was not his assigned probation officer. The waiver, however, expressly authorizes searches by "any agent of the IDOC or law enforcement officer." Like in *Hansen*, Officer Whiter fell within the class of officers permitted to search Gabriel. *See Hansen*, 167 Idaho at 835, 477 P.3d at 889. This distinction therefore supports, rather than undermines, the district court's conclusion that the search complied with the waiver.

Fifth, Gabriel maintains that Officer Whiter did not request that Gabriel be stopped but, instead, was asked to be notified if contact occurred. This fact does not suggest arbitrary conduct

4

or unreasonableness. Once Gabriel was lawfully stopped for the traffic infractions, Officer Whiter's arrival to conduct a search was consistent with the waiver.

Finally, Gabriel asserts that he was only three days from completing probation. This concession confirms Gabriel was on probation at the time of the search and therefore subject to the waiver.

None of the factual distinctions Gabriel identifies demonstrate that the search was unreasonable under the totality of the circumstances. Substantial evidence supports the district court's finding that officers were aware of Gabriel's probation waiver and that the search did not exceed its scope. Accordingly, the district court did not err in denying Gabriel's motion to suppress.

## IV.

## CONCLUSION

Gabriel has failed to show the district court erred in denying his motion to suppress. Accordingly, Gabriel's judgment of conviction for trafficking in methamphetamine is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.